IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| MARCUS UNDERWOOD, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | **CASE NO.** |
| v. | ) | |
| | ) | **19-13992-E** |
| THE CITY OF BESSEMER, et al., | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

**PLAINTIFF/APPELLANT'S MOTION TO STRIKE
DEFENDANT/APPELLEES' "RULE 28(j)" LETTER**

Comes now Plaintiff/Appellant Marcus Underwood ("Underwood") and moves to strike the April 29, 2021 letter from Defendants/Appellees The City of Bessemer ("Bessemer") to the Clerk of the Court entitled "Fed. R. App. P. 28(j) Letter." As grounds for this Motion, Underwood states as follows:

1. The Court held oral argument in this matter on April 27, 2021.

2. Defendant/Appellees' post-argument letter does not comply with the requirements of Fed. R. App. Pro. 28(j) relating to citation of supplemental authorities.

3. First, there is no reason why the legal authorities cited in the letter could not have been cited and discussed in Bessemer's main brief. With the exception of one unpublished opinion, *Robinson v. Rankin,* 815 Fed. Appx. 330 (11th Cir. 2020),

which in turn cites to a 2009 case, all authority cited in the April 29, 2021 Rule 28(j) letter pre-date Bessemer's main brief and of course pre-date the April 27, 2021 oral argument. There is no reason why those authorities could not have been included in Bessemer's main brief or mentioned at oral argument.

4. It is respectfully submitted that the purpose of Rule 28(j) is limited to citation and argument of legal authority and does not contemplate re-argument relating to the facts of the case, nor the application of the newly-cited legal authority to the facts. Otherwise, every party in every case would have another bite at the apple and, in essence and by subterfuge, extend the page limit of their main briefs. Bessemer's Rule 28(j) letter argues facts of the case which Bessemer could have and did raise in its brief and at oral argument. Bessemer's Rule 28(j) letter further applies its "supplemental authority" to the facts of the case. Because it is not in keeping with the spirit and intent of Rule 28(j), the letter is due to be stricken.

5. Rule 28(j) requires a statement of the reasons for the supplementation such as, for example, the creation of intervening case law, with citations to a page of its brief or to a point specifically argued orally. The Rule 28(j) letter does not state adequate reasons for the supplementation and does not comply with this requirement.

For the foregoing reasons, Plaintiff/Appellant respectfully submits that Defendants/Appellants' April 29, 2021 Rule 28(j) letter is due to be stricken.

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of FRAP 32(a)(7)(B) and contains 380 words, excluding the parts exempted by FRAP 32(f).

    Respectfully submitted,


    */s/ Andrew C. Allen*_____
    Andrew C. Allen

**OF COUNSEL:**

Andrew C. Allen
Law Offices of Andrew C. Allen, LLC
2910 Linden Avenue, Suite 200-B
Homewood, AL 35209
(205) 533-2010 Mobile
(205) 847-5199 Direct
(205) 847-5400 Fax
andy@acallenlaw.com

Peter H. Burke
Crumley Roberts, LLP
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35203
(205) 930-9091
(205) 930-9054 Fax
phburke@crumleyroberts.com

Erskine R. Mathis
2107 5th Avenue North
The Age Herald Building, Suite 201
Birmingham, Alabama 35203
erskinelaw@aol.com

Attorneys for Plaintiff/Appellant Marcus Underwood

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by the Court's CM/ECF system and by placing a copy of same in the US Mail, this the 30th day of April, 2021:

James W. Porter, II
R. Warren Kinney
Porter, Porter & Hassinger, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128

                                               */s/ Andrew C. Allen*
                                               OF COUNSEL